THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**GIL DE LA MADRID-PÉREZ,**

   *Plaintiff*,

v.

**ROSADO-RODRIGUEZ,** *et al.*,

   *Defendants.*

Civ. No. 22-01438 (MAJ)

## OPINION AND ORDER

On September 12, 2023, Julio Gil De La Madrid-Pérez ("Plaintiff") filed the instant action against William Rosado-Rodríguez ("Rosado"),[1] Rexville Park Condominium Association ("Rexville"), Inmobiliaria Servicio, Inc. ("Inmobiliaria"), and Multinational Insurance Company ("Multinational") (collectively "Defendants").[2] (**ECF No. 1**). Plaintiff is seeking damages under Puerto Rico state law for the harm he suffered due to Defendants' alleged malicious prosecution, slander, libel, and intentional infliction of emotional distress.[3]

Pending before the Court is Defendant Rexville and Defendant Inmobiliaria's ("Movants") Motion to Dismiss ("Motion") pursuant to Federal Rules of Civil Procedure 37(b)-37(c), and 12(b)(6). (**ECF No. 37**). Movants argue that Plaintiff's Complaint should

---

[1] On June 6, 2023, default judgment was entered against Defendant William Rosado-Rodriguez. (**ECF No. 44**).
[2] Plaintiff has since filed two Amended Complaints, of which the second is the operative. (**ECF No. 30**). Defendant Inmobiliaria was added as a defendant in the First Amended Complaint (**ECF No. 19**) and Defendant Multinational was added in the operative Second Amended Complaint (**ECF No. 30**).
[3] Under 28 U.S.C. § 1367(e) "the term 'State' includes . . . the Commonwealth of Puerto Rico" and will be referred to as such for the purposes of this Opinion and Order. *Pérez Arritola v. García Muñiz*, 22-cv-01507, 2023 U.S. Dist. LEXIS 52202, at *2 n.1 (D.P.R. Mar. 27, 2023) (citing 28. U.S.C. § 1367(e)).

be dismissed in its entirety due to his failure to comply with his discovery obligations, and because his Complaint fails to state a claim upon which relief can be granted. *Id*. For the reasons stated hereafter, the Court **DENIES** Movants' Motion.

## I. Factual and Procedural Background

As per Plaintiff's allegations, Plaintiff is an attorney who represented a homeowner residing in one of Movant Rexville's properties. (**ECF No. 30 at 4 ¶ 12**). Plaintiff's client, the homeowner, was suing the Defendants for several causes, including allegedly placing a lock on his electrical breakers without his consent. *Id*. ¶¶ 12-13. On August 18, 2021, during the course of this legal representation, Plaintiff went to inspect the lock. *Id*. ¶ 14. During said inspection, Plaintiff alleges "the bridge that holds the lock came loose," after which, Plaintiff alleges he informed Defendant Rosado. *Id*. ¶¶ 14-15. Plaintiff alleges Defendant Rosado then retrieved the "complete and undamaged" object and placed it in a drawer in his desk. *Id*. ¶ 15. Thereafter, Plaintiff and the homeowner contacted the police, who indicated an investigation would follow. *Id*.

A few days later, Plaintiff alleges Defendant Rosado filed a false police report indicating that Plaintiff had destroyed the lock himself, after which the police filed a criminal complaint against him. *Id*. at 5 ¶ 16. On September 15, 2021, Plaintiff was criminally charged under Article 207 of the Puerto Rico Penal Code, which governs damage to property. *Id*. ¶¶ 17-18. Plaintiff stood trial on April 5, 2022, and was ultimately acquitted. *Id*. ¶ 19.

Plaintiff alleges that as a result of Defendant Rosado's false accusations, he has suffered pain, mental anguish, and emotional distress. *Id*. at 6 ¶ 21. He also maintains that "[a]ll [D]efendants engaged in a conspiracy to frame Plaintiff, for a crime for which he had absolutely no involvement. [As a result, he] spent months without sleep, causing

anxiety, pain, and suffering, [] worrying about a crime he did not commit, a crime fabricated by the [D]efendants." *Id.* ¶ 22. Additionally, Plaintiff alleges that Defendants "engaged in a concerted effort to manipulate witnesses concerning false allegations," as well as "disregarded and/or destroyed exculpatory evidence, to wit; dismantling the lock . . . ." *Id.* ¶ 24.

Plaintiff filed the operative Amended Complaint on May 18, 2023. (**ECF No. 30**). Movant Rexville and Movant Inmobiliaria filed Answers to the Amended Complaint on June 8, 2023, and June 10, 2023, respectively. (**ECF Nos. 45, 46**).

In the instant Motion, Movants contend that on February 7, 2023, Plaintiff sent Movant Rexville his initial disclosures, which failed to comply with Fed. R. Civ. P. 26(a). (**ECF No. 37 at 1 ¶ 1**). Specifically, Plaintiff did not include evidence related to Fed. R. Civ. P. 26(a)(1)(ii),[4] nor a computation of his damages as required under Fed. R. Civ. P. 26(a)(1)(iii). *Id.* Regarding computation of damages specifically, Movants maintain Plaintiff allegedly stated that he would "provide and prove through the discovery process the damages suffered by him." *Id.*

Thereafter, "*in lieu* of filing a motion for sanctions under Rule 37(c)," on April 10, 2023, Movant Rexville requested that Plaintiff amend his Rule 26 disclosures to provide the computation of damages and the remaining omitted evidence. *Id.* at 2 ¶ 2. On May 9, 2023, Movants contend Plaintiff once again sent them incomplete disclosures, which again stated, "at the conclusion of discovery, Plaintiff will provide a detailed computation

---

[4] Movants state "Plaintiff did not attach the evidence related to section B, nor did Plaintiff provide the required computation of damages required under section C of the Rule." Given their description, the Court interprets "section B" to be Fed. R. Civ. P. 26(a)(1)(ii) given that "section C" referred to is Fed. R. Civ. P. 26(a)(1)(iii). (**ECF No. 37 at 1 ¶ 1**).

of each category of damages claimed and any supporting documents or evidence unless such materials are protected by privilege or other legal protectors." *Id.* ¶ 3.

On May 10, 2023, a status conference was held, and this issue was raised before the Court. (**ECF Nos. 29; 37 at 2 ¶ 4**). At the conference, the Court found Plaintiff's first amended disclosures to be insufficient and ordered Plaintiff to complete his Rule 26 disclosures by May 22, 2023. (**ECF Nos. 29; 37 at 2 ¶ 4**). Plaintiff filed a Motion in Compliance with the Court's Order on said date. (**ECF No. 34**). However, Movants maintain that Plaintiff once again submitted incomplete disclosures. (**ECF No. 37 at 2 ¶ 5**). Accordingly, Movants argue Plaintiff's Motion in Compliance is an attempt to mislead the Court, as Plaintiff "clearly disregarded the Court's Order to disclose." *Id.* at 3 ¶ 7. Now comes the instant Motion. (**ECF No. 37**).

## II. Legal Standard

When addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Courts should "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiffs." *Gargano v. Liberty Int'l Underwriters, Inc.*, 572 F.3d 45, 48 (1st Cir. 2009) (citing *Fitzgerald v. Harris*, 549 F.3d 46, 52 (1st Cir. 2008). Under *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff must "provide the 'grounds' of his 'entitle[ment] to relief' [with] more than labels and conclusions." *Ruiz-Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008); *see also Ocasio-Hernández* v. *Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) ("[I]n order to 'show' an entitlement to relief, a complaint must contain enough factual material 'to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" (quoting *Twombly*, 550 U.S. at 555)). Thus, a plaintiff is required to present allegations that bring "their claims across the line

from conceivable to plausible" to comply with the requirements of Rule 8(a). *Twombly*, at 570. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

When considering a motion to dismiss, the Court's analysis occurs in a two-step process under the current context-based "plausibility" standard established by *Twombly*, 550 U.S. 544 and *Iqbal*, 556 U.S. 662. "Context based" means that a plaintiff must allege sufficient facts that comply with the basic elements of the cause of action. *See Iqbal*, at 680-81 (concluding that plaintiff's complaint was factually insufficient to substantiate the required elements of a *Bivens* claim, leaving the complaint with only conclusory statements). First, the Court must "accept as true all of the allegations contained in a complaint [,]" discarding legal conclusions, conclusory statements, and factually threadbare recitals of the elements of a cause of action. *Iqbal*, at 678; *see also Mead v. Independent Ass'n*, 684 F.3d 226, 231 (1st Cir. 2012) ("Any statements in the complaint that are either legal conclusions couched as facts or bare bones recitals of the elements of a cause of action are disregarded." (citing *Iqbal*, at 678; *Ocasio-Hernández*, at 12)).

In the second step of the analysis, the Court must determine whether, based on all assertions not discarded in the first step, the complaint "states a plausible claim for relief." *Iqbal*, at 679. This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted or, instead, whether dismissal under Federal Rule of Civil Procedure 12(b)(6) is warranted. *Id*.

"To survive a motion to dismiss, a plaintiff must allege facts sufficient to state a plausible claim for relief." *Doe v. Stonehill College, Inc.*, 55 F.4th 302, 316 (1st Cir. 2022) (citing *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation.*" Id.* at 682 (citing *Twombly*, 550 U.S. at 567).

The First Circuit has warned against equating plausibility with an analysis of the likely success on the merits, affirming that the plausibility standard assumes "pleaded facts to be true and read in a plaintiff's favor" "even if seemingly incredible." *Sepúlveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 30 (1st Cir. 2010) (citing *Twombly*, 550 U.S. at 556); *Ocasio-Hernández*, at 12 (citing *Iqbal*, at 681). *See also Twombly*, at 556 ("[A] well-pleaded complaint may proceed even if it appears that a 'recovery is very remote and unlikely.'" (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974))); *Ocasio-Hernández*, at 12 ("[T]he court may not disregard properly pled factual allegations, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'" (citing *Twombly*, at 556)). Instead, the First Circuit has emphasized that "[t]he make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, [but] not a merely conceivable, case for relief." *Sepúlveda-Villarini*, 628 F.3d at 29 (citing *Iqbal*, at 678-79).

But a complaint that rests on "bald assertions" and "unsupportable conclusions" will likely not survive a motion to dismiss. *See Alston v. Spiegel*, 988 F.3d 564, 573 (1st Cir. 2021) (quoting *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 55 (1st Cir. 2006)). Similarly, bare factual assertions as to the elements of the cause of action are inadequate as well. *Peñalbert-Rosa v. Fortuño-Burset*, 631 F.3d 592, 595-96 (1st Cir. 2011) (citing *Sánchez v. Pereira-Castillo,* 590 F.3d 31, 49 (1st Cir. 2009); *Maldonado v. Fontanes*, 568 F.3d 263, 274 (1st Cir. 2009)). "Specific information, even if not in the form of admissible

evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not." *Peñalbert-Rosa*, 631 F.3d at 596.

### III. Applicable Law and Analysis

Movants request dismissal of this action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (**ECF No. 37 at 8 ¶¶ 24-25**). In so requesting, Movants contend that Plaintiff's failure to provide a computation of his damages does not satisfy the plausibility standard set forth in *Iqbal* and *Twombly,* nor does Plaintiff state enough facts to plausibly state a claim. *Id.* Additionally, Movants request that the Court dismiss the Complaint under Fed. R. Civ. P. 37(c)(1)(c), which provides that a Court may impose appropriate sanctions for failure to make disclosures up to and including dismissal of the action in whole or in part. *Id.* at 5 ¶ 14. Should the Court deny this request, Movants ask the Court to, at minimum, impose attorney's fees and reasonable expenses caused by Plaintiff's noncompliance with the Court's order under Fed. R. Civ. P. 37(b). *Id.* at 5 ¶ 14; 7 ¶¶ 18, 19. Each argument will be addressed in turn.

#### A. Dismissal Under Fed. R. Civ. P. 12(b)(6)

As mentioned, Movants request that the Court dismiss Plaintiff's Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and make two arguments in support of this contention. *Id.* at 7 ¶¶ 20-25. First, that Plaintiff's failure to compute his damages renders his Complaint insufficiently pled for purposes of a Fed. R. Civ. P. 12(b)(6) motion, and second, that his Complaint fails to state sufficient facts to state a claim regardless. *Id.* at 7-9.

With regards to their first argument, Movants contend that to survive the plausibility standard, "the Complaint cannot leave open the possibility that a plaintiff might later establish some set of undisclosed facts to support discovery [and] . . . [t]his is

precisely the controversy regarding the *nondisclosure of the computation of damages* by Plaintiff." *Id.* at 8 ¶ 24 (emphasis added). As such, Movants argue Plaintiff does not survive the plausibility standard, and his Complaint should be dismissed. *Id.* at 9 ¶ 25. Movants' argument is misguided, as the plausibility standards set in *Iqbal* and *Twombly* are not applicable to the demand for relief sought in a Complaint, and a computation of damages is not necessary at the pleading stage regardless.

Fed. R. Civ. P. 8(a) outlines the "General Rules of Pleading" and states: "a pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction []; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought []." Movants take issue with Plaintiff's failure to include a computation of his damages in the Complaint. However, this does not implicate *Iqbal* and *Twombly* such that a dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate. Simply put, "[t]he sufficiency of a pleading [for purposes of a 12(b)(6) motion] is tested by the Rule 8(a)(2) statement of the claim for relief," not the demand for relief sought under Rule 8(a)(3). 5 Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 1255 (4th ed. Apr. 2023 update). "The demand for judgment is not considered part of the *claim* for that purpose, as numerous cases have held." *Id.* (emphasis added). *See Rivera-Almodóvar v. Instituto Socioeconómico Comunitario, Inc.*, 806 F. Supp. 2d 503, 507–08 (D.P.R. 2011) ("As a general rule, the demand for judgment (as required by Rule 8(a)(3)) is not itself a part of the plaintiff's claim, and as a result[,] failure to specify the relief to which the plaintiff is entitled is not a failure to 'state a claim.'" (citations and quotation omitted)). This argument thus fails.

Regardless, Rule 8(a)(3) merely requires "a demand for the relief sought." Plaintiff indicated in his Complaint he was seeking $2,000,000 in compensatory damages and

$2,000,000 in punitive damages. (**ECF No. 30 at 10 ¶¶ 1-2**). A computation of the damages was not required at that stage, and as such, Plaintiff satisfies the pleading standards under Rule 8(a)(3).

Second, Movants briefly argue that Plaintiff's Complaint fails to allege sufficient facts to plausibly state a claim. (**ECF No. 37 at 8 ¶¶ 22-25**). In support, Movants recite the relevant pleading requirements as established in *Iqbal* and *Twombly*, and then simply state: "In the captioned case, there is no factual content to remotely imply liability on the appearing codefendants for the events alleged in [(sic)] them," and "Plaintiffs have failed to meet the plausibility standard, as they have not provided one single fact, document, statute, rule, precedent, or person in support of their allegation against the appearing codefendants. All they have provided are labels, conclusions, and formulaic recitations." *Id*. at 8 ¶¶ 22, 25. Movants do not develop their argument further and make no attempt to "correlate their argument" to the factual allegations in the Complaint such that the Court can appropriately evaluate their position. *See Doe v. Siddig*, 810 F. Supp. 2d 127, 137–38 (D.D.C. 2011) ("Such an argument hardly warrants serious attention; courts need not resolve arguments raised in a cursory manner and with only the most bare-bones arguments in support." (citation omitted)). Simply put, "where [Movants] make only a conclusory argument that a claim is insufficiently pled, but do not explain the deficiencies within a plaintiff's pleadings, the Court will not dismiss the claim." *Disability Rights New York v. City of New York*, No. 22-cv-04493, 2023 WL 6308574, at *9 (S.D.N.Y. Sept. 28, 2023) (cleaned up). Thus, Movants' "conclusory arguments that Plaintiff's claim[] are bare-boned are insufficient to justify dismissal" at this stage. *Id*.

**B. Required Disclosures Under Fed. R. Civ. P. 26(a)**

Next, Movants request that the Court dismiss the Complaint under Fed. R. Civ. P. 37(c)(1)(c), which provides that a Court may impose appropriate sanctions for failure to make disclosures up to and including dismissal of the action in whole or in part. (**ECF No. 37 at 5 ¶ 14**). Should the Court deny this request, Movants ask the Court to, at minimum, impose attorney's fees and reasonable expenses caused by Plaintiff's noncompliance with the Court's order under Fed. R. Civ. P. 37(b). *Id.* at 5 ¶ 14; 7 ¶ 18.

Movants contend Plaintiff did not disclose the required evidence under Fed. R. Civ. P. 26(a)(1)(A)(ii), which requires that a party must, without awaiting a discovery request, provide to the other parties: "a copy—or description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." *Id.* at 1 ¶ 1. In his Second Amended Disclosures, Plaintiff has listed the items he intends to use at trial in compliance with Fed. R. Civ. P. 26(a)(1)(A)(ii). (**ECF No. 37-4 at 2-3**). However, he has not indicated the location of the items, and Movants assert he has not attached the items to his disclosures either, in contravention of the rule. (**ECF No. 37 at 1 ¶ 1**). Plaintiff does not dispute this in his responses. *See generally* (**ECF Nos. 39, 42**).

With regards to Movants' request for a computation of Plaintiff's non-economic damages, Federal Rule of Civil Procedure 26(a)(1)(A)(iii) mandates that:

> a party must, without awaiting a discovery request, provide to the other parties: a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

As mentioned, the Court previously found that Plaintiff's Rule 26 Disclosures were insufficient and thus ordered Plaintiff to complete them by May 22, 2023. (**ECF No. 29**). In compliance with the Court's order, Plaintiff filed a Motion in Compliance on said date. (**ECF No. 34**). However, Movants contend said motion is misleading to the Court, because Plaintiff's Second Amended Rule 26 Disclosures do not in fact comply with the Court's order on this point either. (**ECF No. 37 at 3 ¶ 7**). The Court agrees *in part*.

Plaintiff's First Amended Disclosures simply state that he is seeking $2,000,000 in compensatory damages, $2,000,000 in punitive damages, and that "at the conclusion of discovery, [he] will provide a detailed computation of each category of damages claimed and any supporting documents or evidence unless such materials are protected by privilege or other legal protections." (**ECF No. 37-3 at 3 ¶ 3**). As mentioned, the Court found this to be insufficient and in contravention of the rule's requirements. (**ECF No. 29**).

Before the Court are Plaintiff's Second Amended Disclosures, which state—in relevant part—that both he and his "expert's testimony" will demonstrate the pain and suffering he allegedly experienced, as well as a comprehensive list of his specific emotional damages (i.e. humiliation, depression, and insomnia). (**ECF No. 37-4 at 3-4**). However, Plaintiff does not provide a specific computation of how he reached the $2,000,000 figure he claims in non-compensatory damages. *Id*. Instead, Plaintiff states that emotional damages are "not often subject to strict mathematical formulas but [are] largely at the discretion of the jury (or judge, in a bench trial)."[5] (**ECF No. 39 at 3 ¶ 4**).

---

[5] In support, Plaintiff cites to *St. Louis, Iron Mountain, & S. Ry. Co. v. Craft*, where he alleges the Supreme Court's "specific wording" is: "There is no standard for the measurement of damages for pain and suffering, and therefore their assessment is left to the sound discretion of the jury." *Id*. at 4 ¶ 7; 237 U.S.

The Court acknowledges the inherent difficulty with computing noneconomic damages, more specifically, emotional damages. *See Hancock v. Greystar Mgmt. Servs., L.P.*, No. CIV-15-1095-R, 2016 WL 2889084, at *1 (W.D. Okla. May 17, 2016) ("[C]omputation of non-economic damages, such as those for emotional distress and dignitary harm, are 'necessarily vague and generally considered a fact issue for the jury.'" (quoting *Williams v. Trader Pub. Co.*, 218 F.3d 481, 486 n.3 (5th Cir. 2000) (citation omitted)). However, this difficulty does not obviate the prejudice Movants will surely face at trial if a sum is presented to the jury with no computation or formula to substantiate the value. *Sandoval v. Am. Bldg.* c., 267 F.R.D. 257, 282 (D. Minn. 2007) (Finding that if the plaintiffs intend to present a specific amount to the jury, they "presumably have a basis and a means for arriving at the amount they are seeking" and thus, it "would be unfair to [the] defendants if [the] plaintiffs could submit a specific dollar amount for damages to the jury without [the] defendants having the opportunity to discover the basis of the claim . . ."); *Montoya v. Retiree Health Care Auth.*, No. 18-cv-578, 2019 WL 2718689, at *6 (D.N.M. June 7, 2019), report and recommendation adopted, No. 18-cv-578, 2019 WL 2717115 (D.N.M. June 28, 2019) (holding same). Accordingly, courts are somewhat divided as to what is required under Rule 26 with regards to non-economic damages. *Montoya*, 2019 WL 2718689, at *4.

One district court aptly "recognized different levels of disclosure based on whether 'the plaintiff intends to present evidence supporting a specific amount of emotional distress damages or merely intends to let the jury decide the issue based upon an unspecified claim of emotional distress damages.'" *Id.* (quoting *Sandoval v. American*

---

648 (1915). However, a review of the case reveals that the Supreme Court said no such thing. *Craft*, 237 U.S. 648.

*Bldg. Main., Inc.*, 267 F.R.D. 257, 281-83 (D. Minn. 2007). "Where a plaintiff intends to ask a jury for a specific dollar amount or range of compensation for [emotional damages], . . . then most courts find that such a computation is required." *Id.* (quoting *McCrary v. Country Mut. Ins. Co.*, No. 13-CV-507-JED-PJC, 2014 WL 1871891 (N.D. Okla. May 9, 2014). *See Kutz v. NGI Cap., Inc.*, 22-cv-1623, 2023 WL 3790766, at *9 (D. Minn. June 2, 2023) (Holding that to the extent the "[p]laintiff intends to ask the jury for a specific figure or suggest a range or ranges for emotional distress damages at trial, she must disclose them to [the] [d]efendants, along with the basis for such figure or ranges, including the methodologies used to calculate them and documents relied on." (citing *Sandoval*, 267 F.R.D. at 282)). In the inverse, where a plaintiff does not intend to ask a jury for a specific dollar amount or range of compensation, a computation is not required. *Sandoval*, at 282. The Court finds this reasoning persuasive and thus will apply it to the instant matter.

Plaintiff is seeking no less than $2,000,000 in compensatory damages and has yet to provide Movants with a computation of said damages pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii). (**ECF No. 30 at 10 ¶¶ 1-2**). Should Plaintiff elect not to provide a proper computation of his compensatory damages during discovery, he is precluded from raising any specific sum before the jury.

### C. Sanctions Under Fed. R. Civ. P. 37

Finally, Movants' request for sanctions—up to and including dismissal—requires an analysis of the operative rule. Federal Rule of Civil Procedure 37 pertains to failure to make disclosures or cooperate in discovery and outlines the grounds for issuing sanctions for such failure. *See generally* Fed. R. Civ. P. 37. "Rule 37(b)(2) states in relevant part, 'If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among

others the following: . . . (C) An order . . . dismissing the action . . .'" *Malot v. Dorado Beach Cottages Assocs.*, 478 F.3d 40, 43 (1st Cir. 2007) (quoting Fed. R. Civ. P. 37(b)(2)).[6]

Federal Rule of Civil Procedure 37(c) describes the consequences of that failure:

(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.

> (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

The First Circuit has "set out a non-exhaustive list of factors for consideration when reviewing a Rule 37 motion for sanctions, some substantive and others procedural." *AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 429, 435 (1st Cir. 2015) (citation omitted). More specifically, the First Circuit has

> called on district courts to weigh the severity of the discovery violations, legitimacy of the party's excuse for failing to comply, repetition of violations, deliberateness of the misconduct, mitigating excuses, prejudice to the other party and to the operations of the court, and adequacy of lesser sanctions. On the procedural side, we consider whether the district court gave the offending party notice of the possibility of sanctions and the opportunity to explain its misconduct and argue against the imposition of such a penalty.

*AngioDynamics, Inc.,* 780 F.3d at 435 (citing *Vallejo v. Santini-Padilla*, 607 F.3d 1, 8 (1st Cir. 2010).

---

[6] These orders may include the following:

> directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; striking pleadings in whole or in part; staying further proceedings until the order is obeyed; dismissing the action or proceeding in whole or in part; rendering a default judgment against the disobedient party; or treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b).

Turning to Movants arguments, their first request is that the Court dismiss the instant action entirely under Fed. R. Civ. P. 37(c) due to Plaintiff's failure to properly disclose his computation of damages. (**ECF No. 37 at 5 ¶ 14**). Movants cite *Vázquez-Borges v. Nupress of Miami, Inc.* in support, because "this Honorable Court dismissed said case with prejudice precisely because [the] plaintiff in that case 'failed to submit without any justification the accounting of damages requested from her.'"[7] *Id.* at 4 ¶ 13 (quoting *Vázquez-Borges v. NuPress of Miami, Inc.,* 09-cv-1964, 2012 WL 2571290, at *2 (D.P.R. June 29, 2012)). Movants paint a much simpler picture of the aforementioned case than its reality.

In *Vázquez-Borges*, the plaintiff was seeking economic damages, which are much more easily calculable than non-economic damages. *Vázquez-Borges,* 2012 WL 2571290, at *1. *See Davis v. United States*, 670 F.3d 48 (1st Cir. 2012) ("[U]nlike the calculation of economic damages, assigning a dollar figure to [suffering] . . . is very difficult." (citing *Sisson v. Lhowe*, 460 Mass. 705 (2011))). The nature of the damages the plaintiff sought thus made her failure to provide specific computations after *two* Court orders sufficient to justify dismissal.[8] Second, in that case, the discovery schedule was shifted back by almost two years to accommodate the plaintiff. *Id.* All of this, underpinned by numerous

---

[7] A Westlaw search of the quote used reveals Movants use the incorrect Westlaw citation in their Motion. They cite to *Vázquez Borges v. NuPress of Miami*, 2016 WL 1627612, D.P.R. 2016 which is an opinion and order granting the plaintiff's motion for default judgment. The correct citation is *Vázquez-Borges v. NuPress of Miami, Inc.,* No. 09-cv-1964, 2012 WL 2571290 (D.P.R. June 29, 2012), which is an opinion and order granting a motion to dismiss for failure to comply with discovery schedule.

[8] The first Court order the plaintiff in this case violated was after entry of default was entered against the defendants. *Vázquez-Borges v. NuPress of Miami, Inc.,* 09-cv-1964, 2012 WL 2571290, at *1 (D.P.R. June 29, 2012). The Court ordered the plaintiff to file an application for default judgment, duly supported by a computation of damages, which the plaintiff ultimately failed to do. *Id.* The Court entered a judgment dismissing the case for plaintiff's lack of interest in its prosecution. *Id.* Thereafter, the case was reopened upon a motion for reconsideration filed by the plaintiff which detailed the health issues of the attorney on record that prevented him from complying with the Court's order. *Id.* Plaintiff then failed to provide a specific computation of damages subsequent to a second Court order, prompting the Court to dismiss the case upon the filing of a motion to dismiss from the defendants. *Id.* at 2.

other failings from both parties, prompted the Court to also state at one point in the opinion: "Since its very beginning, this action has been in a total state of disarray." *Id*. The same cannot be said of the instant matter such that dismissal would be appropriate at this juncture.

The nature of damages Plaintiff seeks makes the issue at hand much more complex than the one in the aforementioned case. Moreover, Plaintiff has only been ordered once by this Court to provide a specific computation, but has otherwise prosecuted this case, unlike the plaintiff in *Vázquez*. Discovery was also reopened for the benefit of both parties, and trial has not yet been scheduled. As such, Movants have not, and will not, suffer any prejudice as it pertains to this specific issue. Accordingly, dismissal for failure to disclose under Fed. R. Civ. P. 37(c) at this juncture is unwarranted. Movants' request for costs and attorney's fees for this Motion is also denied, as Plaintiff was not on notice of the possibility of sanctions, and the Court does not find the violation so severe as to warrant them at this point. *AngioDynamics, Inc.,* at 435 (citing *Vallejo*, 607 F.3d at 8).

The Court denies Movants request for sanctions under Fed. R. Civ. P. 37(b) for largely the same reasons. The computation of damages issue before the Court is complex, and thus the Court will provide Plaintiff one more opportunity to rectify his disclosures. Plaintiff's failure to do so will preclude him from raising a specific dollar amount for his damages to the jury.

### IV. Conclusion

For the aforementioned reasons, Movants' Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of November, 2023.

**<u>s/ María Antongiorgi-Jordán</u>**
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**
